IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT

2008 OCT 27 A II: 51

TONY BERNETTE BLAKE, )
) 
    Petitioner, ) CIVIL ACTION NO.: CV208-021
)
v. )
)
UNITED STATES OF AMERICA, ) (Case No.: CR205-48)
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Tony Bernette Blake, filed a Motion to Vacate, Set Aside, or Correct his Conviction and Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Response (Doc. No. 3), and Blake filed a Reply (Doc. No. 4). For the reasons which follow, Blake's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Blake was indicted on charges of possession of a firearm by a convicted felon/armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); possession with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Blake was initially represented by appointed counsel Edward W. Clary, and later by replacement appointed counsel Richard O. Allen. On October 29, 2007, under the terms of an oral plea agreement with a sentence stipulation of 120 months' imprisonment and a waiver of the preparation of a

presentence investigation report ("PSI"), Blake entered a guilty plea to count one of the indictment, the possession of a firearm by a convicted felon charge (18 U.S.C. § 922(g)(1)), absent the 18 U.S.C. § 924 (e) armed career criminal enhancement. The Court sentenced Blake to 120 months' imprisonment. Blake did not appeal. In the instant Motion, Blake generally asserts that his trial counsel, Edward Clary ("Clary"), provided ineffective assistance of counsel. Blake further asserts that his guilty plea was not "knowingly, willingly, and intelligently entered into." (Doc. No. 1, p. 5).

## DISCUSSION AND CITATION TO AUTHORITY

### I.  Duty to Investigate

"The Sixth Amendment guarantees a defendant the right to reasonably effective assistance of counsel." Mitchell v. Kemp, 762 F.2d 886, 888 (11th Cir. 1985) (citing Strickland v. Washington, 466 U.S. 668, 685-86 (1984)). Defense counsel's duty to investigate prior to trial is governed by a "reasonableness standard." Id. at 888-89; Strickland, 466 U.S. at 691. Defense counsel must perform a "reasonable" investigation, or make a "reasonable" decision that such an investigation is not warranted. Mitchell, 762 F.2d at 888; Strickland, 466 U.S. at 691. The Supreme Court further held that defense counsel's decision regarding the level of investigation warranted must be viewed with a strong presumption of reasonableness at the time the decision regarding investigation was made, not with the benefit of hindsight. Strickland, 466 U.S. at 689. "No absolute duty exists to investigate particular facts or a certain line of defense. Chandler v. U.S., 218 F. 3d 1305, 1317 (11th Cir. 2000). Strickland's approach toward investigation "reflects the reality that lawyers do not enjoy the benefit

of endless time, energy, or financial resources." Chandler, 218 F. 3d at 1318 n. 22 (citing Rogers v. Zant, 13 F. 3d 384, 387 (11th Cir. 1994)).

Blake contends that Sergeant Paul Preston ("Preston") of the Kingsland, Georgia, Police Department committed perjury when he swore in his affidavit to obtain a search warrant and in his subsequent sworn testimony at the suppression hearing that he saw cocaine in plain view in Blake's vehicle. (Doc. No. 1, p. 3). Blake further contends that it is impossible for Preston to have seen any cocaine in plain view because the area in question was totally obscured by the steering column and steering wheel. (Id.). Blake introduced photographs of his vehicle, taken by his wife, as evidence of the impossibility of Preston observing the alleged cocaine in the vehicle's center console. (Id., Ex. 1-7). Blake alleges that defense counsel Clary failed in his duty to investigate by neglecting to undertake a reasonable investigation into the factual setting of the case. (Id. at 5-6) Blake further alleges that Clary did not competently litigate a clearly meritorious Fourth Amendment claim as a result of his failure to investigate. (Id. at 4). Blake asserts that his guilty plea was not entered into "knowingly, willingly, and intelligently" because he did not know the search was illegal as a result of Clary's failure to investigate. (Id. at 5). Thus, Blake contends that both the performance and prejudice prong of an ineffective assistance of counsel claim were satisfied. (Id. at 6).

The record establishes that Clary fulfilled his duty to investigate. Blake's impossibility argument is dependent upon the photographs he entered as exhibits. These photographs are unconvincing, and the argument is disingenuous. The photographs were taken by Blake's wife and were clearly taken at odd angles and framed in a manner most beneficial to Blake. Even assuming, arguendo, that Blake's

contentions regarding Preston's ability to see the alleged cocaine in the vehicle were true, it was reasonable for Clary not to investigate this fanciful line of defense. A competent investigation into the facts of the case would reveal that it is possible to see items in the center console of Blake's vehicle from outside the vehicle, as Preston testified that he did. Blake himself did not raise the impossibility issue in either of the affidavits he submitted in support of the motions to suppress. It is reasonable for an attorney to devote his time and resources to investigations more plausible than whether cocaine in the center console of a vehicle was in plain view to a police officer standing at the vehicle's window. This is especially true given Preston's affidavit and testimony at the suppression hearing that he saw two bags of suspected cocaine in plain view in Blake's vehicle. Blake has not overcome the strong presumption of reasonableness carried by Clary's decision not to investigate this line of "defense."

## II. Fourth Amendment Claim

When defense counsel's failure to litigate a Fourth Amendment claim is the principal allegation of ineffectiveness, the petitioner must establish that the Fourth Amendment claim is meritorious and that a reasonable probability exists that the verdict would have been different absent the evidence subject to suppression. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Only a habeas petitioner who can prove under Strickland that he has been denied a fair trial by the gross incompetence of his counsel will be granted relief under § 2255 and be entitled to retrial without the challenged evidence. Kimmelman, 477 U.S. at 382.

Blake contends that it was impossible for Preston to see the alleged cocaine in his vehicle's center console. (Doc. No. 1, p. 3). Blake asserts that because it was

impossible for Preston to see the alleged cocaine in the center console, there was no probable cause to arrest him and conduct the subsequent search of his vehicle. (Id.). Blake further asserts that Preston's alleged perjury should exclude all evidence collected from his car and home under the "fruit of the poisonous tree" doctrine. (Id.). Blake contends that had Clary competently litigated the suppression issue, his case would have been dismissed for lack of legally obtained evidence. (Id. at 5). Thus, Blake alleges that his guilty plea was not entered into "knowingly, willingly, and intelligently." (Id.).

Respondent has shown that Clary filed two suppression motions on Blake's behalf. (Doc. No. 3, p. 5). Respondent contends that because Clary filed the suppression motions, Blake has failed to demonstrate deficient performance to support his claim of ineffective assistance of counsel. (Id. at 6-7). Respondent further contends that Blake's suggestion that his guilty plea was entered unknowingly is specious because Clary thoroughly litigated the suppression issue. (Id. at 7). Respondent asserts that Blake has failed to show that he is entitled to any relief under § 2255. (Id.).

The record reveals that Blake's Fourth Amendment illegal search and seizure claims have been litigated and found to be without merit. Clary's second suppression motion alleged that Blake's arrest and the subsequent search of his vehicle were improper. Blake's motion to suppress any and all evidence found inside his vehicle was found to be without merit. (CR205-048). Blake does not assert a meritorious Fourth Amendment claim in the instant action; thus, his claim that Clary provided ineffective assistance of counsel in this regard fails.

### III. Plaintiff's Ineffective Assistance Claims are Without Merit

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel which guarantees not only assistance, but effective assistance of counsel. Strickland, 466 U.S. at 686. The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Id. at 687-688; Quince v. Crosby, 360 F. 3d 1259, 1265 (11th Cir. 2004). When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689.

Respondent contends that Clary filed two suppression motions on Blake's behalf. (Doc. No. 3, p. 5). The first motion to suppress alleged that the search warrant had been altered after it was executed to include additional structures and vehicles on the premises of Blake's property. The second motion to suppress alleged that Blake's arrest and the search of his vehicle were improper. (Id.). Clary also filed a memorandum of law following the suppression hearing alleging that the affidavit supporting the search warrant was defective because it lacked sufficient probable cause or indicia of reliability. (Id. at 6). The Court denied Blake's suppression motions. Respondent contends that Blake has failed to demonstrate ineffective assistance of

counsel because Clary filed a suppression motion raising the same claim Blake now asserts counsel was ineffective for failing to raise. (Id. at 6-7).

The evidence before the Court establishes that Clary's performance did not fall "below an objective standard of reasonableness." Strickland, 466 U.S. at 687-688. The record reveals that Clary filed two motions to suppress and a memorandum of law in an attempt to suppress the evidence Blake now asserts was illegally obtained. Blake's arrest and the subsequent search of his vehicle were found to be lawful. Clary did not violate his duty to investigate, and he competently and aggressively litigated Blake's alleged Fourth Amendment claims. Clary's conduct did not so undermine the proper functioning of the adversarial process that it produced an unjust result. The arrest of Blake and the search of his vehicle were lawful. Therefore, his argument that an illegal arrest and illegal search resulted in a guilty plea which was not entered into knowingly, willingly, and intelligently is without merit. Clary's representation was not deficient and it did not "prejudice his defense so badly that there is a reasonable probability that it impacted the result." Strickland, 466 U.S. at 687-688.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Blake's Motion to Vacate, Set Aside, or Correct his Conviction and Sentence, filed pursuant to 28 U.S.C. § 2255, be **DENIED**.

SO REPORTED and RECOMMENDED, this 27th day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

7